IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**ERIC D. JONES**   **PLAINTIFF**

**v.**   **No. 4:19CV136-DAS**

**SUPERINTENDENT MARSHELL TURNER**
**WARDEN TIMOTHY MORRIS**
**DEPUTY WARDEN LEE SIMON**
**HAS WILLIE KNIGHTEN**
**NURSE KELVIN STEWARD**
**JOHN/JANE DOE (PERSON WHO ISSUES MEDICAL TRANSFER SLIPS)**
**JOHN/JANE DOES (TRANSPORTATION OFFICERS)**
**DR. JUAN SANTOS**
**DR. TONY CASTILLO**   **DEFENDANTS**

**MEMORANDUM OPINION**

The plaintiff, an inmate in the custody of the Mississippi Department of Corrections, appeared before the undersigned for a hearing as set forth in *Spears v. McCotter,* 766 F.2d 179 (5th Cir. 1985), to determine whether any claims in the present case filed under 42 U.S.C. § 1983 have sufficient merit to proceed. A plaintiff's claim must be dismissed if "it lacks an arguable basis in law or fact, such as when a prisoner alleges the violation of a legal interest that does not exist." *Martin v. Scott*, 156 F.3d 578 (5th Cir. 1998)(citations omitted). The plaintiff has brought the instant case under 42 U.S.C. § 1983, which provides a federal cause of action against "[e]very person" who under color of state authority causes the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. The Prison Litigation Reform Act applies to this case because the plaintiff was incarcerated when he filed this lawsuit.[1] For the reasons set forth below, all

---

[1] 28 U.S.C. § 1915(g).

defendants, except Warden Timothy Morris, Jane Doe, and John Doe will be dismissed with prejudice from this case. The plaintiff's claims against these three remaining defendants for denial of adequate medical care and retaliation will proceed.

## Allegations

Eric D. Jones is an inmate with the Mississippi Department of Corrections. He is classified as a high-risk inmate, meaning that he poses a danger to other inmates and staff. He suffers from asthma, and had been on the chronic care list for years, but upon his arrival at the Mississippi State Penitentiary[2] he was removed from the chronic care list and no longer receives an asthma pump. He started out at 178 pounds, but has since dropped to about 148 pounds. He suffers from cold sweats, mucus buildup, throat pain, coughing, muscle and body aches, flu-like symptoms, and colon pain. He has requested to visit the Unit 42 Hospital many times, and medical staff have set up appointments for him, but someone in the transport office keeps telling the hospital that Jones refuses medical treatment. He has not, however, refused medical treatment. He was taken to the hospital in an ambulance on September 15, 2018, for chest pains, and that is when he discovered that someone was telling medical staff that he refused to be transported for medical treatment. Security personnel told Jones that they refused to transport him to medical because doing so required too many members of prison staff for a single inmate.

He was moved to Unit 29-A on July 16, 2019, into a cell with no lights, electricity, or sink water. He believes he was moved in retaliation for filing grievances about his lack of medical treatment. Warden Morris authorized the move. He was eventually transported to the Mississippi

---

[2] He is currently housed in the Wilkinson County Correctional Facility.

Department of Corrections Hospital at Unit 42 after he collapsed in his cell. He received treatment there for a week and was then released. He does not know why he is losing weight.

## Discussion

Mr. Jones has named multiple defendants in this case. All but three of those defendants must be dismissed for a variety of reasons. The court has set forth a discussion of each issue in this case below.

## No Personal Involvement

The following defendants will be dismissed from this case because they had no personal involvement in the acts giving rise to this suit: Superintendent Marshal Turner, Deputy Warden Lee Simon, Willie Knighten, and Dr. Juan Santos.

A plaintiff proceeding under 42 U.S.C. § 1983 cannot establish that a government official violated the plaintiff's constitutional rights simply by virtue of the official's role as a supervisor. *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). For a plaintiff to state a valid claim under § 1983, he must "identify defendants who are either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged." *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995) (citing *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983)). A § 1983 plaintiff cannot proceed against a prison official based solely on the official's participation in the prison grievance process. *Dehghani v. Vogelgesang*, 226 Fed.Appx. 404, 406 (5th Cir. 2007). There are only two scenarios in which a supervisor may be held liable under § 1983: (1) when he affirmatively participates in the incident, and (2) when he implements an unconstitutional policy that results in constitutional injury. *Wernecke v. Garcia*, 591 F.3d 386, 401 (5th Cir. 2009). Indeed, a federal court cannot hold a supervisor liable for failure to supervise his subordinates – even when he is present on the scene – because, after *Ashcroft v. Iqbal*, 556 U.S. 662, 662, 129 S. Ct.

1937, 1939, 173 L. Ed. 2d 868 (2009), "a government official can be held liable only for his own misconduct." *Carnaby v. City of Houston*, 636 F.3d 183, 189 (5th Cir. 2011).

The plaintiff's allegations against defendants Marshal Turner, Willie Knighten, and Juan Santos involve only their participation in the grievance process, which is insufficient to state a claim under 42 U.S.C. § 1983. *Dehghani, supra*. The plaintiff alleges that defendant Lee Simon did not respond to a letter in which he raised the allegations set forth in his complaint.

In this case, the plaintiff does not allege that Superintendent Marshal Turner, Deputy Warden Lee Simon, Dr. Willie Knighten, and Dr. Juan Santos had any personal involvement or were causally connected to the incident in any way. As such, this action will be dismissed as to these defendants for failure to state a constitutional question.

### Defendants Whose Actions Did Not Harm the Plaintiff

Nurse Kelvin Steward referred the plaintiff for treatment numerous times, but those responsible for following through on the referral failed to do so. Similarly, Dr. Tony Castillo examined the plaintiff at the clinic and referred him to the Unit 42 hospital, but the transport officers would not take him. Thus, Steward's and Castillo's actions did not cause the plaintiff's difficulties. The plaintiff's allegations against these two defendants will be dismissed for failure to state a claim upon which relief could be granted.

### Defendants Remaining in the Case

The plaintiff's claims against the following defendants will proceed: Warden Timothy Morris (failing to address the medical care issue when told directly about it – and retaliation), John or Jane Doe 1 (failure to issue proper medical transfer slips), and John or Jane Does (transportation officers who refused to transport the plaintiff to medical for treatment).

## Conclusion

For the reasons set forth above:

(1) The plaintiff's claims against the following defendants will be dismissed for failure allege personal involvement: Superintendent Marshal Turner, Deputy Warden Lee Simon, Willie Knighten, and Dr. Juan Santos;

(2) The plaintiff's claims against the following defendants will be dismissed for failure to state a claim upon which relief could be granted: Dr. Tony Castillo, Nurse Kelvin Steward;

(3) The plaintiff's claims for denial of adequate medical care against the following defendants will proceed: Warden Timothy Morris (failing to address the issue when told directly about it and for retaliation), John or Jane Doe 1 (failure to issue proper medical transfer slips), and John or Jane Does 2 (transportation officers who refused to transport the plaintiff to medical).

(4) The court will direct that process issue for Warden Timothy Morris (the only remaining named defendant) by separate order.

**SO ORDERED**, this, the 15th day of May, 2020.

/s/ David A. Sanders
DAVID A. SANDERS
UNITED STATES MAGISTRATE JUDGE